UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.A. MUSIC, LLC, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>GOOGLE, LLC, et al.,<br><br>　　　　Defendants. | Case Nos. 20-cv-00488-VC , 20-cv-00538-VC , and 20-cv-00540-VC<br><br>**ORDER REGARDING HEARING ON MOTION TO DISMISS**<br><br>Re: Dkt. No. 84 |
| RAY HENDERSON MUSIC CO,INC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GOOGLE, LLC, et al.,<br><br>　　　　Defendants. | Re: Dkt. No. 78 |
| FOUR JAYS MUSIC COMPANY, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>GOOGLE LLC, et al.,<br><br>　　　　Defendants. | Re: Dkt. No. 82 |

　　The parties should be prepared to address the following issue at the hearing: The plaintiffs have alleged that "Google has made available, reproduced, and distributed permanent downloads of the recordings" listed in Exhibit B. Google, in its motion to dismiss, appears to be asking for a ruling which says: "To the extent a particular recording was merely 'made available'

by Google for purchase but was not actually purchased by anyone, the plaintiffs will lose at summary judgment with respect to that recording." This seems like it would be nothing more than an advisory opinion. Why should the Court issue such an abstract ruling at the motion to dismiss stage, as opposed to tackling the legal question after being presented with evidence that some of the recordings in fact meet this description? Absent specific allegations in the complaint that some of the recordings listed in Exhibit B were "made available" but not actually sold, how could this be an appropriate subject for a motion to dismiss?

**IT IS SO ORDERED.**

Dated: February 9, 2021

_____
VINCE CHHABRIA
United States District Judge