UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.A. MUSIC, LLC, et al.,<br><br>            Plaintiffs,<br><br>    v.<br><br>GOOGLE, LLC, et al.,<br><br>            Defendants. | Case No.  20-cv-00488-VC , 20-cv-00538-VC , and 20-cv-00540-VC<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 84 |
| RAY HENDERSON MUSIC CO, INC,<br><br>            Plaintiff,<br><br>    v.<br><br>GOOGLE, LLC, et al.,<br><br>            Defendants. | Re: Dkt. No. 78 |
| FOUR JAYS MUSIC COMPANY, et al.,<br><br>            Plaintiffs,<br><br>    v.<br><br>GOOGLE LLC, et al.,<br><br>            Defendants. | Re: Dkt. No. 82 |

Google's motion to dismiss is denied. The best reading of the complaints is that they allege Google made available, reproduced, and actually sold all of the songs listed. Taking those allegations as true, the issue teed up by the motion to dismiss—whether Google violated the plaintiffs' right of distribution under the Copyright Act for any songs it may have made available

but did not ultimately sell—is a hypothetical one. As both sides agree, the right of distribution was violated once the songs were sold in any event. The issue may become ripe at the summary judgment stage if the evidence shows that some songs were never sold, but at this stage the Court would be issuing an advisory opinion that could end up having no bearing on the outcome of the case. *See*, *e.g.*, *North v. Superior Hauling and Fast Transit, Inc.*, 2019 WL 6792816, at *4 (C.D. Cal. May 31, 2019). It's true, as Google notes, that the same issue was decided on a motion to dismiss in *S.A. Music, LLC v. Amazon.com, Inc.*, but if the allegations in that case were the same as they are here, the Court disagrees with the decision to resolve the legal question at that stage in the case. 2020 WL 3128534 (W.D. Wash. June 12, 2020).

**IT IS SO ORDERED.**

Dated: February 12, 2021

VINCE CHHABRIA
United States District Judge